**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| R.C. OLMSTEAD, INC. | ) | CASE NO. 5:08CV0234 |
| | ) | |
| Plaintiff | ) | JUDGE: LIOI |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS' JOINT MOTION TO BAR** |
| | ) | **PLAINTIFF'S USE OF ROBERT REID'S** |
| CU INTERFACE, LLC, et al | ) | **REPORT, CHALLENGE ROBERT** |
| | ) | **REID'S OPINIONS AND ACCELERATE** |
| Defendants | ) | **BRIEFING SCHEDULE** |

Now come Defendants CU Interface, LLC and Thomas Burkhardt ("CUI"), and Defendant Canton School employees Credit Union ("CSE"), by counsel, and move the court for an order disqualifying Robert Reid from giving any expert opinion testimony in this case and barring any use of his report in these proceedings on the following grounds:

1. Robert Reid's expert report does not comply with Fed. R. Civ. P. 26(a)(2)(B) and must be barred under Fed. R. Civ. P. 37(c)(1).

2. Robert Reid's two sentence opinion as to copying offends Fed. R. Evid. 402 and 702.

Defendants also request the court shorten Plaintiff RCO's time to oppose this motion to 7 days as the issues surrounding this motion will have significant impact on Defendants' expert selection and preparation. A memorandum in support is attached and incorporated.

Respectfully submitted,

**/s/ Andrew Mills Holford**
Andrew Mills Holford (#0074091)
1650 Lake Shore Drive, Suite 180
Columbus, Ohio 43204-4894
Tel:  614–228-7710
Fax: 866-460-2901
AndrewHolford2008@gmail.com
*Attorney for CU Interface, LLC*
*and Thomas Burkhardt*


**/s/ George Carr**
George Carr (#0069372)
GALLAGHER SHARP
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
Tel:  216-241-5310
Fax:  216-241-1608
gcarr@gallaghersharp.com
Attorneys for Defendant Canton School
Employees Credit Union

**MEMORANDUM IN SUPPORT**

I. <u>INTRODUCTION</u>

The record shows Plaintiff RCO's expert Robert Reid reviewed "Circa 2005 CUDP" on September 8, 2008. Likewise, Plaintiff's counsel delivered Mr. Reid's defective expert report on September 17, 2008. This case squarely rests on the existence or non-existence of expert testimony between vastly different computer programming languages, operating systems and hardware. This court has recently ruled that "the Circa 2005 CUDP software is the central issue in the case." See Court's Memorandum Opinion and Order dated October 15, 2008, Document 52 at p.4. Plaintiff RCO's Notice and Description of Claim states they believe literal copying of the code may have taken place. See Defendant CSE's Motion for Status Conference filed September 30, 2008, Document 48, Exhibit D, p. 4. Robert Reid's expert report makes no reference to source code and expressly disclaims any knowledge about reading or writing computer code. Certainly, as a result, Plaintiff RCO's cannot claim literal code copying claim occurred.

Plaintiff RCO's Notice and Description of Claim also states they believe some non-literal elements of their program RCO1 were infringed. See id., p.p. 4-6. Specifically, they allege their "expert found many similarities between the two products, including but not limited to aspects of the structure, sequence, and organization, and screen displays." See id. at p. 6. Beyond these bare and conclusory allegations, nothing substantive is outlined about their claims despite the court's order issued in April.

Defendants are currently ordered to disclose their experts' identities and give expert reports no later than November 14, 2008. See Case Management Order dated April 18, 2008, Document 16 at p. 2. Defendants anticipate significant cost and expense over the next few weeks preparing to comply with this deadline. Defendants have also said they may need additional time as Plaintiff RCO has failed to properly provide during discovery what source

code was copyrighted, infringed and/or viewed by their expert. See Court's Minutes of Proceedings dated October 15, 2008. All of RCO's source code at issue was requested by the Defendants months ago in discovery.

Plaintiff RCO has disclosed one sole expert - Robert Reid. The opinion(s) contained within his two page expert report are unreliable and unscientific. Mr. Reid's report is already a part of this court's record. See Defendants' Joint Motion to Remove RCO's "Highly Confidential Material" Designation From its Two Page Report, Document 47, Exhibit A. Robert Reid's expert report violates the express mandates of Fed. R. Civ. P. 26(a)(2)(B). With this in mind, if the court sees fit to grant this motion, Defendants believe further expert discovery will be greatly simplified. Should the court desire a hearing on these issues, in the alternative, Defendants request the court grant same as soon as practical to avoid the increasing costs and expenses identified.

II. ARGUMENT

> *1. Robert Reid's expert report does not comply with Fed. R. Civ. P. 26(a)(2)(B) and must be barred from any use under Fed. R. Civ. P. 37(c)(1).*

Robert Reid's report does not contain a complete statement of all of his expert opinion(s) and does not express all of his bases and reasons for same. See Fed. R. Civ. P. 26(a)(2)(B)(i). This fact alone is of great significance in a software copyright infringement case. Without these critical bases and reasons, Plaintiff RCO invites the Defendants to take a funhouse tour of the technical aspects of their case. Also, no exhibits are attached or incorporated within the report. See Fed. R. Civ. P. 26(a)(2)(B)(iii). By depriving Defendants of specific reference to screen shots or allegedly infringing structure, sequence and organization, Plaintiff RCO says follow me down the rabbit hole. Defendants do not intend to lead or follow this Plaintiff anywhere anymore.

In direct contravention of the rules, no publications by the expert are listed, no previous testimony is listed, and no statement of compensation is provided. See Fed. R.'s Civ. P. 26(a)(2)(B)(iv), (v), and (vi). One suspects this is because Robert Reid is so utterly unqualified that only a statement of compensation could have been provided. However, it wasn't. This expert report must be barred from further use as a tool to prolong this litigation and hide the plain truth: they have nothing but smoke and mirrors!

Fed. R. Civ. P. 37(c)(1) provides where a party fails to "provide information . . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Certainly, Plaintiff RCO has failed to provide information required under 26(a)(2)(B). After all of delays and shortcomings of Plaintiff RCO's prosecution of this case, surely these failures are not substantially justified or harmless. Defendants believe Plaintiff RCO's actions are intentional and malicious. Their expert's shoddy opinion(s) and report support this conclusion. Allowing this case to continue with Robert Reid and his expert report would be a manifest injustice. Defendants further reserve the right to petition for sanctions under Fed. R. Civ. P. 37(c)(1)(A) and (C).

2. **Robert Reid's two sentence opinion as to copying offends Fed. R. Evid. 402 and 702.**

Robert Reid has miraculously performed a visual similarity analysis without reference to any established programming principles or recognized methodology. Therefore, any relevancy analysis under Fed. R. Evid. 402 is nearly impossible. Defendants are also left guessing how many conclusions he has made by the statement that "he can name many other similarities." "A district court must determine whether expert testimony is reliable before it can be admitted under Rule 702." See *Mike's Train House, Inc. v. Lionel, L.L.C.* 472 F.3d 398, 407 (6th Cir.

2007)(reversing trial court's admission of expert testimony and granting new jury trial under harmless error analysis).

"In *Daubert*, the Supreme Court identified factors that a court may consider in determining whether an expert's testimony is sufficiently reliable, including (1) whether a theory or technique can be or has been tested; (2) whether the technique has been subject to peer review and publication; (3) whether the technique has a known or potential rate of error and the existence of standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance." See id.  These factors are neither exhaustive nor definitive.  See id.

In technology and software copyright claims, the abstraction-filtration-comparison analysis appears to be the sole judicially endorsed method of determining if any infringement occurred.  See generally, *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004); *Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003); *Computer Associates Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693 (2nd Cir. 1992); and *Auto Inspection Services, Inc. v. Flint Auto Auction, Inc.*, 2006 WL 3500868 (E.D. Mich. 2006).  In *Auto Inspection Services*, another court in this circuit recently reiterated that "in the context of computer programming, legal copying requires a rigorous analysis."  See id. at p. 6.  Further, in denying Plaintiff's motion for a preliminary injunction, the *Auto Inspection Services* court took exception with plaintiff's expert for stating only "the screen displays were similar" and not making "any attempt to abstract or break down the Program into its constituent parts to show they are in fact copyrightable."  See id at p. 7.

In this case, Robert Reid's opinion is so far afield of rigorous analysis and the appropriate method of abstraction-filtration-comparison adopted by this circuit and others, that his opinion must be rejected and barred.  Robert Reid relied upon insufficient facts and data within his report.  His opinion relies only on "screen shots and listening to the details of the case."  These details of the case are no doubt rabid hearsay.  See Fed. R. Evid. 802.  Of course, Defendants really can't tell.

Robert Reid offers no analysis of the copyrights cited in Plaintiff RCO's complaint, makes no reference to the essential element of substantial similarity in copyright infringement, and offers no real insight into structure, sequence and organization.  He analyzes no specific programming languages, no specific operating systems, and makes no comparisons between the hardware for RCO1 and Circa 2005 CUDP.  Recently, Defendants learned at October 15th's telephone discovery conference Mr. Reid looked at RCO1's most recent 2008 version when comparing it to Circa 2005 CUDP.  Of course, this should have been disclosed within his expert report as argued above.  Mr. Reid's analysis is so wholly deficient that Defendants cannot glean any meaningful insight into the opinions he attempts to give or bases of same.

### 3. CONCLUSION

Simply put, another day later and another dollar shorter, this case continues only to further Plaintiff RCO's malicious and predatory strategy to spend dry a start-up competitor.  This court should disqualify Robert Reid from giving any expert opinion testimony in this case and bar any use of his report in these proceedings.  Robert Reid's opinions are without foundation and wholly speculative.  No proper abstraction-filtration-comparison analysis was done. Plaintiff RCO's failure to comply with Fed. R. Civ. P. 26(a)(2)(B) must not be tolerated in a case of this complexity.  Therefore, Defendants ask the court to find the report inadmissible under Fed. R. Civ. P. 37(c)(1).

Defendants also request the court shorten Plaintiff RCO's time to oppose this motion to 7 days as the issues surrounding this motion will have significant impact on Defendants' expert selection and preparation.

## **CERTIFICATE OF SERVICE**

     A copy of the foregoing was filed electronically on this 16th day of October, 2008. Notice of this filing will be sent to all parties by operation of the Court's ECF system.  Parties may access this filing through the Court's electronic filing system.

                                       **/s/Andrew Mills Holford**
                                       Andrew Mills Holford